UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA FOR 2705(b) NONDISCLOSURE ORDER FOR GRAND JURY SUBPOENAS #GJ20250312128457, AND #GJ20250312128458** | **25-SC-407**<br><br>**Filed Under Seal** |

*Reference: USAO Ref. # 2024R01967 Subject Account(s): Meta Platforms, Inc., Instagram UID: 11407557341; Instagram UID: 5371230674; Apple Inc., Email Address: Imbrokeebabyyy00@icloud.com; Phone Number: 771-233-3499*

**APPLICATION FOR
NONDISCLOSURE ORDER UNDER 18 U.S.C. § 2705(b) AND TO SEAL FILINGS**

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order under 18 U.S.C. § 2705(b) directed at the following electronic communication and/or remote computing service providers (collectively, "PROVIDERS") not to notify any other person of the existence of the listed subpoenas issued by the United States on behalf of a federal Grand Jury empaneled in the United States District Court for the District of Columbia (the "Subpoena" as relevant to each PROVIDER):

  GJ Subpoena GJ20250312128457 to **META PLATFORMS, INC.** located in Menlo Park, California; and
  GJ Subpoena GJ20250312128458 to **APPLE, INC.** located in Cupertino, California

for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. The United States further applies to the Court for an Order placing this application and all related filings under seal.

**JURISDICTION**

This Court has jurisdiction to issue the requested order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is a "district court of the

United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington., D.C. See 18 U.S.C. § 3237.

## FACTUAL BACKGROUND

The United States is investigating possible violations of 18 U.S.C § 2119 (Carjacking), 18 U.S.C. § 924(c)(1)(A)(ii) (Using, Carrying, and Brandishing a Firearm during and in relation to, and Possessing a Firearm in Furtherance of, a Crime of Violence), 18 U.S.C. § 2314 (Interstate Transportation of Stolen Property), 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year), and 18 U.S.C. § 933 (Trafficking in Firearms). This investigation concerns multiple carjackings, at least two of which occurred in the District of Columbia. The above referenced subpoenas seek basic subscriber information for PROVIDER accounts linked to the subjects and/or criminal activity under investigation.

While several of the suspects are known to the government, there are co-conspirators who have not yet been identified and/or apprehended. Specifically, individuals believed to operate multiple of the requested accounts remain at large and likely unaware of the scope of the government's investigation. Therefore, the requested sealing and nondisclosure order are justified. Additionally, the subpoenas seek information related to accounts believed to be possessed by individuals who have been arrested. Sealing and nondisclosure are also warranted as to those accounts because the arrested individuals are not aware of the scope of the government's investigation because they have not been charged with all criminal activity currently under investigation in the grand jury. If the arrested individuals become aware of the government's

continued investigation, they may direct others to access and delete incriminating information on their electronic accounts.

## LEGAL BACKGROUND

Both PROVIDERS provide an "electronic communications service," as defined in 18 U.S.C. § 2510(15), and/or "remote computing service," as defined in 18 U.S.C. § 2711(2). The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2712, governs how each PROVIDER may be compelled to supply communications and other records using a subpoena, court order, or search warrant. Specifically, Section 2703(c)(2) authorizes the Government to obtain certain basic "subscriber information" using a subpoena, Section 2703(d) allows the Government to obtain other "non-content" information using a court order, and Section 2703(a)-(b)(1)(A) allows the Government to obtain contents of communications using a search warrant. *See* 18 U.S.C. § 2703.

The SCA does not set forth any obligation for providers to notify subscribers about subpoenas, court orders, or search warrants under Section 2703. However, many have voluntarily adopted policies of notifying subscribers about such legal requests. Accordingly, when necessary, Section 2705(b) of the SCA enables the Government to obtain a court order to preclude such notification. In relevant part, Section 2705(b) provides as follows:[1]

> (b) **Preclusion of notice to subject of governmental access**. — A governmental entity acting under section 2703 . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
>   (1) endangering the life or physical safety of an individual;

---

[1] Section 2705(b) contains additional requirements for legal process obtained pursuant to 18 U.S.C. § 2703(b)(1)(B), but the Government does not seek to use the proposed Order for any legal process under that provision.

    (2) flight from prosecution;
    (3) destruction of or tampering with evidence;
    (4) intimidation of potential witnesses; or
    (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b). The United States District Court for the District of Columbia has made clear that a nondisclosure order under Section 2705(b) must be issued once the Government makes the requisite showing about potential consequences of notification:

> The explicit terms of section 2705(b) make clear that if a courts [*sic*] finds that there is reason to believe that notifying the customer or subscriber of the court order or subpoena may lead to one of the deleterious outcomes listed under § 2705(b), the court must enter an order commanding a service provider to delay notice to a customer for a period of time that the court determines is appropriate. Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.

*In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014).

Accordingly, this application sets forth facts showing reasonable grounds to command each PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Subpoena for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

## **REQUEST FOR NON-DISCLOSURE**

The Subpoenas seek information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the Government's ongoing and confidential investigation such that a nondisclosure order is warranted under Section 2705(b). Here, as described above, there are potential witnesses and/or co-conspirators that are not known to the government who may flee from prosecution or be subject to intimidation should the full scope of the government's

4

investigation become known to the suspects. Once alerted to this investigation, and the government's interest in the accounts outlined above, the target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. They could also direct others to engage in this activity on their behalf. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity.

Given the complex nature of the criminal activity under investigation, the Government anticipates that this confidential investigation will continue for the next 180 days or longer. Should the court-ordered non-disclosure under Section 2705(b) become no longer needed because of the closure of the investigation, or because all of the subjects have been arrested, the government will make best efforts to notify the Court promptly and seek appropriate relief.

Based on the foregoing, there are reasonable grounds to believe that disclosure of the Subpoenas would result in the above-referenced adverse consequences. *See* 18 U.S.C. § 2705(b). Accordingly, this Court should command each PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of each Subpoena for a period of 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation, the government will make best efforts to notify the Court promptly and seek appropriate relief.

## REQUEST FOR SEALING

Pursuant to Federal Rule of Criminal Procedure 6(e)(6), the United States requests that this application and the corresponding Order be sealed by the Court until such time as the Court directs

otherwise. These documents relate to an ongoing federal Grand Jury investigation that is neither public nor known to the target(s) of the investigation. The Court has the inherent power to seal court filings when appropriate. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the application and order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

ACCORDINGLY, it is respectfully requested that the Court grant the attached Order directing that each PROVIDER shall not notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Subpoena directed to each such PROVIDER for 180 days (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court, and further directing that the application and this Order are sealed until otherwise ordered by the Court.

Respectfully submitted,

Edward R, Martin, Jr.
United States Attorney
D.C. Bar Number 481866

By:   */s/ Benjamin Helfand*
      Benjamin Helfand
      Assistant United States Attorney
      D.C. Bar Number 1658708
      601 D Street, N.W.
      Washington, D.C. 20530
      202-252-7059
      Benjamin.Helfand@usdoj.gov